ROCKLAND WATER COMPANY *vs*. JAMES ADAMS.

Knox.   Opinion May 12, 1892.

*Corporation.   Water Company.   Unreasonable Rates.*

A regulation of a water company providing that takers of water shall be liable to pay rent for the whole year, whether they actually use it for that length of time or not, and to make payment yearly in advance, without special agreement, is unreasonable.

One cannot be held to have made a special contract, to pay according to such regulations, merely by showing that he has knowledge of the regulation; but the company must show that he expressly assented to it and agreed to be bound by it.

The power under a charter of a water company to establish prices and rents to be paid for water, subject to the control of the Legislature, does not deprive the Court of its jurisdiction to adjudicate between parties upon their legal rights.

AGREED STATEMENT.

The case is stated in the opinion.

*J. O. Robinson and J. F. Libby*, for plaintiff.

There was an express contract. 1 Pars. Cont. 7th ed. 477; *Cornish* v. *Abington*, 4 H. & N. 549; *Smith* v. *Hughes*, 6 L. R. Q. B. 597; *Cambridge* v. *Lexington*, 17 Pick. 222; *Day* v. *Caton*, 119 Mass. 513, 515; *Newmarket M'f'g Co.* v. *Coon*, 150 Mass. 566. Estoppel: Both parties bound as to knowledge of regulation. *Train* v. *Gold*, 5 Pick. 379; *Stagg* v. *Ins. Co.* 10 Wall. 589. Contract good for the year. *Taylor* v. *Lambertville*, 43 N. J. Eq. 107. Presumption: *Huntingdon* v. *Claflin*, 38 N. Y. 182; *Vail* v. *M'f'g Co.* 32 Barb. 564; *Ranck* v. *Albright*, 36 Pa. St. 367; *Tatterson* v. *M'f'g Co.* 106 Mass. 56. Abandonment of contract must be mutual. *Robinson* v.

*Page*, 3 Russ. 122. Burden on defendant; he must prove rescission: *Webber* v. *Dunn*, 71 Maine, 331. No waiver by plaintiff: *Royal* v. *Aultman-Taylor Co.* 116 Ind. 424: *Thayer* v. *Wadsworth*, 19 Pick. 349, 352. Contract entire: *Sutherland* v. *Wyer*, 67 Maine, 64, 68, and cases cited; *Hurd* v. *Gill*, 45 N. Y. 341.

*C. E. and A. S. Littlefield*, for defendant.

LIBBEY, J. This is assumpsit to recover for the alleged use of water furnished by the plaintiff corporation to the defendant in the city of Rockland, from July 1, 1885, to July 1, 1886. It comes before this court upon an agreed statement of facts.

The defendant in fact took and used the water from the first day of July, 1885, to the fourth day of November, 1885, when he notified the plaintiff corporation that he had ceased taking and should use it no more. The plaintiff claims to recover for the whole year, on the ground that under its charter it had the power to establish regulations "for the use of said water and establish, subject to the control of the legislature, the prices and rents to be paid therefor." The defendant had taken the water from the plaintiff for several years prior to 1885, for which he had paid at or near the beginning of each year, taking a receipted bill therefor containing, printed upon the back thereof, the regulations which it had established, by virtue of which it claims to recover for the full year in this case.

The regulations relied upon are numbers six and seven. They read as follows: "Section six. One year's rent will be required in all cases." "Section seven. All water rates shall be payable at the office of the company one year in advance, on the 1st day of July in each year, and if not paid within ten days after the same are due, the water shall be shut off without further notice, and not let on again except on the payment of two dollars."

The case does not show that there was any demand made by the plaintiff for the payment of the rent prior to the commencement of the suit. The contention between the parties is whether, in the absence of an express contract to pay for the whole year, the defendant can be held liable to pay for the whole year when he in fact used the water for four months and four days only.

We think the result must depend upon the question whether the regulation adopted by the company, that one year's rent will be required in all cases and shall be payable at the office of the company one year in advance, on the first day of July, in each year, is a reasonable regulation by the company which should bind the taker of the water to pay for a whole year if he wants to use it and does use it for a third only of the year, as in this case. If this is a reasonable regulation, and was known by the defendant, it would bind him to pay in accordance with its terms. If it is not a reasonable regulation, then, the defendant could not be bound by it; but, to recover for the full year the plaintiff must prove a special agreement to pay for a year whether the taker used the water for that time or not. The defendant cannot be held to have made a special contract to pay according to the regulations of the company relied on, merely by showing that he had knowledge of the regulation; but the plaintiff must show that he expressly assented to it and agreed to be bound by it. *Fillebrown* v. *Grand Trunk R. R.* 55 Maine, p. 468. *Gott* v. *Dinsmore*, 111 Mass. 45, 52.

By its charter the plaintiff corporation was charged with the duty of supplying to all persons and corporations a reasonable amount of water for the uses specified in the charter on demand, for a reasonable compensation. It had the right to take the water from a large pond, over which the legislature had jurisdiction. It had the right of eminent domain, the taking of lands for the laying of its main and pipes for the purpose of supplying water, and was charged with the corresponding duty to the public to furnish and supply the water on reasonable terms.

We do not think that a regulation providing that every taker of the water should be liable to pay rent for the whole year, whether he actually uses it for that length of time or not, and to make the payment in advance on the first day of July, without a special undertaking therefor, is reasonable. It casts upon the public, who have occasion to use the water for a short time only, an unjust and unreasonable burden. True, it is said that by the charter they have the power to establish subject to the

control of the legislature, the prices and rents to be paid for the water, and that the legislature never has attempted to control this regulation. But we do not think that takes the power from the court when called upon to adjudicate between the parties upon their legal rights. Then, if the regulation is unreasonable and must be declared void so that no action can be maintained in this case upon the force of it, is there any ground upon which the plaintiff can recover for a longer period of time than that during which the defendant took and used the water? We think there is nothing in the case as presented, which would authorize the court, in determining what is justly and equitably due, to charge the defendant for anything more than the value of the water during the time that he used it, which is six dollars and sixty-one cents, with interest from the date of the writ.

*Defendant defaulted.*

PETERS, C. J., WALTON, VIRGIN, HASKELL and WHITEHOUSE, JJ., concurred.